# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| RALPH MANOMANO, | : | CIVIL ACTION NO. |
| Hall County ID # 218937, | : | 2:11-CV-00261-RWS-SSC |
| Plaintiff, | : | 2:11-CV-00316-RWS-SSC |
| | : | 2:11-CV-00320-RWS-SSC |
| v. | : | |
| | : | |
| ASHLEY BELL, | : | PRISONER CIVIL RIGHTS |
| SHERIFF STEVE CHRONIC, | : | 42 U.S.C. § 1983 |
| LT. WOODS, | : | |
| SGTS. JONES, KEEFE, & CANNON, | : | |
| OFFICERS COLEMAN & CHANDLER, | : | |
| et al., | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff has filed three separate complaints in this Court, docketed as case numbers 2:11-CV-00261, 2:11-CV-00316, and 2:11-CV-00320, none of which has sufficient merit to proceed. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to proceed *in forma pauperis* in all three actions.

## I. The Legal Framework

### A. 28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such

relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; see also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"), cert. denied, 540 U.S. 872 (2003).

### B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or

2

immunity secured by the Constitution or laws of the United States. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation), cert. denied, 540 U.S. 1219 (2004); see also L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. The Complaints

Plaintiff's complaint in case number 2:11-CV-261, which he executed and filed on September 9, 2011, alleged that Officers Coleman and Chandler used force against him at the Hall County Detention Center (HCDC) on September 8, 2011. (No. 2:11-CV-261, Doc. 1, Compl. at 5-7). The Court concluded, however, that Plaintiff had failed to allege facts in that complaint sufficient to support a claim that the officers had used excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[1] (No. 2:11-CV-261, Doc. 6).

---

[1] The Court noted that Plaintiff alleged the following in his complaint:

At the HCDC on September 8, 2011, Officer Chandler approached Plaintiff's cell and asked him to relinquish his Hall County inmate jumpsuit. When Plaintiff refused, Officer Coleman joined Officer Chandler, repeating the initial request and asking Plaintiff to kneel

3

Accordingly, the Court ordered Plaintiff to file an amended complaint within thirty days and, among other things, to identify "in greater detail the injuries that he allegedly suffered as a result of the alleged incident on September 8, 2011," and to describe "for each defendant he has named in his original complaint, the alleged conduct of such defendant that entitles Plaintiff to relief in this action." (Id. at 5).

Instead of complying with that Order, Plaintiff submitted a second complaint on October 26, 2011, which the Clerk of Court docketed on November 29, 2011 as a separate lawsuit, case number 2:11-CV-316. In that complaint, Plaintiff claims

---

> down. When Plaintiff again refused, the two officers advised Plaintiff to face the wall and put his hands behind his back. After Plaintiff was shackled, the officers "insisted that [he] kneel down." When Plaintiff again refused, the officers "grabbed [him] and tossed [him] on the ground causing chest pains and abdominal reflexes." Plaintiff claims to "have proof and evidence on a draft copy of blood stains coming from [his] injury," ostensibly from his handcuffed wrists.

(No. 2:11-CV-261, Doc. 6 at 2 (citations omitted)). The Court explained that "to make out an excessive force claim, an inmate need not have suffered a 'significant injury.'" (Id. at 3 (quoting Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010))). The Court also set out the Supreme Court's explanation in Gaddy of non-actionable *de minimis* force:

> [N]ot every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

(Id. at 4 (quoting Gaddy, 130 S. Ct. at 1178) (internal quotation omitted)). The Court concluded that the allegations in Plaintiff's original complaint suggested at most "a '*de minimis* use[] of physical force[]' . . . insufficient to sustain a claim under the Eighth Amendment." (Id.); see also Gaddy, 130 S. Ct. at 1178.

4

that he is "the President of Zimbabwe and [that he] also opened the book of life." (No. 2:11-CV-316, Doc. 1, Compl. ¶ IV). The gist of Plaintiff's second complaint is that he is being forced to wear a jumpsuit that is not his size. (See id.). Plaintiff asserts, "Everyone else has the right size jumpsuit, I feel that it is not fair, my rights are being deprived" under the United States Constitution and the Universal Declaration of Human Rights. (Id.). Plaintiff asks that he be treated fairly and states that it is "unhygienic to be washing and wearing someone's belongings which were worn by some-one else previously," ostensibly referring to the jumpsuit that he was given to wear. (Id. ¶ V). Plaintiff makes the same claims in his third complaint, submitted on November 27, 2011, and docketed in this Court as case number 2:11-CV-320. He states in his third complaint:

> Mr. Cannon refused to give me my jumpsuit size after I had worn it to prove to him that it's not my jumpsuit size violating my civil rights. Article 5 No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment. This kind of treatment is inhuman and I also feel I am being degraded. I notice the other inmates are being given the privile[]ge to make a choice of what jumpsuit size they please. I am not being given the same civil privile[]ge.

(No. 2:11-CV-320, Doc. 1, Compl. ¶ IV).

### III. Discussion

For a plaintiff to make out a claim under the Eighth Amendment for cruel and unusual punishment, "there must be, objectively speaking, conduct by public officials 'sufficiently serious' to constitute a cruel or unusual deprivation—one

5

'denying the minimal civilized measure of life's necessities,' " Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), cert. denied, 531 U.S. 1077 (2001), and "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish," id. (citing Wilson, 501 U.S. at 300). Under the Eighth Amendment, "the offending conduct must be *wanton*," a term without "a fixed meaning," although in the context of a prison disturbance, wantonness means that a prison official acted "maliciously and sadistically for the very purpose of causing harm." Wilson, 501 U.S. at 302 (citations omitted) (internal quotations omitted).

Plaintiff has failed to correct the deficiencies in his original complaint, which failed to allege facts sufficient to make out an Eighth Amendment excessive force claim. His two subsequent complaints have clarified that the allegations in his first complaint, in which he admitted that he had refused to relinquish his jumpsuit when jail officials asked him to do so, were not " 'sufficiently serious' to constitute a cruel or unusual deprivation" under the Eighth Amendment. Taylor, 221 F.3d at 1257; (see also No. 2:11-CV-261, Doc. 6 at 2). Together, Plaintiff's three complaints reveal that he has suffered no denial of his constitutional right to "the minimal civilized measure of life's necessities," Taylor, 221 F.3d at 1257, based on his alleged failure to receive a jumpsuit in his preferred size or on the alleged use of excessive force against him.

6

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaints in all three civil actions now before the Court, case numbers 2:11-CV-00261, 2:11-CV-00316, and 2:11-CV-00320, be **DISMISSED** for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED, DIRECTED and RECOMMENDED** this 11th day of May, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A (Rev.8/82)